UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COUNTY OF WALKER,<br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, *et al.*,<br>Defendants. | No. 19-cv-1767 |

# PLAINTIFF WALKER COUNTY'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND AND FOR COSTS AND FEES

# TABLE OF CONTENTS

I. INTRODUCTION..................................................................................................................1

II. BACKGROUND....................................................................................................................2

III. ARGUMENT .......................................................................................................................3

   A. Plaintiff's Suit Does Not Meet CAFA's Definition of "Class Action," Meaning this Case Is Not Subject to Federal Jurisdiction Under CAFA..............................................................................4

   B. Defendants' Argument That CAFA Should Be Understood To Encompass Plaintiff's Suit Regardless of the Law's Text Is Contrary to the Rules of Statutory Interpretation........................................5

   C. Plaintiff Is Not a "Representative Person" Who Could Have Proceeded Under Rule 23 or Any State Equivalent Even If It Had Wished To, Further Undermining Defendants' Attempt to Transform This Case into a Class Action. ......................................................................................................................7

   D. To the Extent the County Seeks Relief on Behalf of Its Citizens, It Can Do So Only Through a *Parens Patriae* Action, Which Does Not Implicate CAFA. ........................................................8

   E. Plaintiff Should Be Awarded Fees and Costs Under 28 U.S.C. ¶ 1447(c)............................9

IV. CONCLUSION ..................................................................................................................10

NOW COMES Plaintiff County of Walker, Texas, through undersigned counsel, and pursuant to 28 U.S.C. § 1447, respectfully submits this memorandum in support of its motion to remand this matter to the 152d Judicial District Court of Harris County, Texas, MDL No. 18-0358, *In Re: Texas Opioid Litigation*, and for an award to the County of just costs and fees.

## I.  INTRODUCTION

This case has been improperly removed to federal court as a delay tactic. No basis exists for federal jurisdiction, and the removing defendants' arguments to the contrary, far from being objectively reasonable, are frivolous. Their hope is to bury this case in a vast federal multi-district litigation, *In re National Prescription Opioid Litigation*, 290 F. Supp. 1375 (U.S. Jud. Pan. Mult. Lit. 2017), instead of allowing it to be adjudicated in the state court where it unquestionably belongs. This tactic amounts to abuse of the federal court system and disrespect for the state court system and should not be tolerated. This case should be remanded to Texas state court without delay.

Plaintiff County of Walker, Texas ("County") is the sole plaintiff in this lawsuit against 82 defendants who played a role in creating and exacerbating the epidemic of opioid abuse that is currently plaguing the County. Although the epidemic has nationwide reach, the County's suit concerns only the harms caused to and within the County.

A small group of defendants—OptumRx, Inc., OptumRx Administrative Services, LLC, Optum, Inc., UnitedHealth Group Incorporated, UnitedHealthcare of Texas, Inc., Express Scripts Holding Company, and Express Scripts, Inc. (collectively, the "Optum Defendants")—removed this action to federal court, contending that it is a class action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). None of the other 70-plus defendants in this case have joined them in this wasteful endeavor. The Optum Defendants' theory is that the County is acting

as a class representative for an undefined class of County residents harmed by the opioid epidemic. They assert no other basis for federal jurisdiction.

The Optum Defendants' assertion of federal jurisdiction under CAFA is baseless. As multiple courts have found in similar cases, removal of this case is improper because the County's suit simply is not a class action under CAFA. That statute's definition of "class action" requires a suit to have been brought under Federal Rule of Evidence 23 or a state equivalent, and the County did not file its Petition under such a rule. Nor is this case a class action "in all but name," as the Optum Defendants would have it. The County does not purport to represent a class of which it is a member. Moreover, none of the elements of a class action is set out in the County's Petition, which contains no class definition, no statement of adequate representation, no articulation of superiority, no claimed typicality, no recital of common issues, and no statement of any limited fund. Nor could the County serve as a class representative for its residents even if it wished to. As a result, federal jurisdiction cannot be premised on CAFA, and because no other basis exists, this Court lacks subject matter jurisdiction.

Plaintiff has contemporaneously filed a motion to remand this case to Texas state court based on lack of federal jurisdiction. For the reasons developed below, the County respectfully requests that the Court grant its motion.

## II. BACKGROUND

Prescription opioid manufacturers, distributors, and sellers have made a fortune selling their products using fraudulent marketing strategies. The result is a nationwide epidemic of abuse that has had severe consequences, including rampant addiction, large numbers of deaths, increased criminality and incarceration, and increased unemployment. These consequences in turn have adversely affected Walker County itself, which has had to spend increasing sums on, for example, policing, emergency medical services, and social services.

The County filed this lawsuit on January 11, 2019, bringing state common law claims for public nuisance and negligence and a state statutory claim under the Texas Controlled Substances Act. The County—the sole plaintiff in the case—seeks to recover all available damages through these claims. The case was transferred for pretrial procedures to the 152d Judicial District Court of Harris County, Texas, MDL No. 18-0358, *In Re: Texas Opioid Litigation*.

The Optum Defendants removed this case to federal court on May 14, 2019, pursuant to the class action and removal provisions of CAFA, 28 U.S.C. §§ 1332(d), 1453. They have since tagged this case for transfer to the federal Multidistrict Litigation in the Northern District of Ohio, *In re National Prescription Opioid Litigation*, 290 F. Supp. 1375 (U.S. Jud. Pan. Mult. Lit. 2017).

### III. ARGUMENT

As the Optum Defendants concede, the County does not "explicitly alleg[e] any putative class." Notice of Removal ¶ 21. Nor does the County do so implicitly by purporting to represent the interests of others with the same injuries. In short, the County's lawsuit is not a class action—neither formally nor practically. First, the suit does not meet CAFA's definition of "class action," which covers only actions brought under Federal Rule of Civil Procedure 23 or an equivalent state law. The County does not purport to proceed under such a rule, and the Optum Defendants have pointed to no such rule that they believe the County could have invoked. Second, the Optum Defendant's argument that CAFA's legislative history calls for broader application than the statute's text supports is contrary to binding precedent. And even if the Optum Defendants's expansive reading of CAFA were accepted, this case still would not qualify as a class action. Third, the County could not have acted as a class representative for its residents even if it had desired to do so because the County's injuries differ from those of its residents. To

the extent the County does seek to recover for injuries to its residents, it can do so only *in parens patriae*, a type of action that does not implicate CAFA. The upshot is that the class action provisions of CAFA cannot form the basis for federal jurisdiction, and this case should be remanded to state court. Finally, because this removal was not objectively reasonable, the Court should award the County the fees and costs associated with seeking remand.

### A. Plaintiff's Suit Does Not Meet CAFA's Definition of "Class Action," Meaning this Case Is Not Subject to Federal Jurisdiction Under CAFA.

To establish federal jurisdiction over a suit through CAFA's class action provisions, the action, first and foremost, must be a "class action." 28 U.S.C. § 1332(d)(2). CAFA's definition of "class action" is simple and unambiguous: "the term . . . means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B). The burden of showing that removal is warranted falls on the removing party. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.")

This suit does not meet CAFA's definition of "class action." It was not filed under Federal Rule of Civil Procedure 23 or under a similar state statute or rule. Nowhere in the County's Petition is such a rule invoked, even obliquely. The Optum Defendants do not contend otherwise or make any attempt to explain how the County's suit meets CAFA's definition of class action. They do not identify a rule under which they believe the County has silently filed. They also ignore Fifth Circuit precedent holding that whether CAFA's class action provisions can be the basis for federal jurisdiction is "answered quickly in the negative" when the case was not brought under a statute similar to Rule 23, even when the government is seeking recovery on

4

behalf of its residents. *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 701 F.3d 796, 799 (5th Cir. 2012), *rev'd on other grounds*, 571 U.S. 161 (2014). The other circuits to consider this question agree with the Fifth Circuit. *See Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1039 (9th Cir. 2014); *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013); *West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 172 (4th Cir. 2011); *LG Display Co. v. Madigan*, 665 F.3d 768, 774 (7th Cir. 2011). Under these circumstances, the Court's inquiry should end here, and the County's motion to remand should be granted. The Optum Defendants have not come close to meeting their burden of showing that federal jurisdiction exists and removal is proper.

### B. Defendants' Argument That CAFA Should Be Understood To Encompass Plaintiff's Suit Regardless of the Law's Text Is Contrary to the Rules of Statutory Interpretation and Binding Precedent.

Putting aside the Optum Defendants' failure to even attempt to establish that this suit meets CAFA's actual definition of "class action," the argument they make instead—that the suit "resembles" a class action and must be treated as a class action—fares no better. That argument depends on *post hoc* legislative history that has no force in the face of the statutory text. Additionally, even if the legislative history were treated as binding, it still would not encompass this suit, which does not "resemble" a class action in any relevant way.

The legislative history Defendants rely upon is found in a Senate Report, issued ten days *after* the passage of CAFA, in which the Judiciary Committee explained its understanding of the law:

> [T]he definition of "class action" is to be interpreted liberally. Its application should not be confined solely to lawsuits that are labeled "class actions" by the named plaintiff or the state rulemaking authority. Generally speaking, lawsuits that resemble a purported class action should be considered class actions for the purpose of applying these provisions.

S. REP. 109-14, 35, 2005 U.S.C.C.A.N. 3, 34. The Optum Defendants' present this short statement as definitively establishing that this suit is a class action under CAFA.

For multiple reasons, their reliance on this legislative history is misplaced. First, "*post hoc* statements of a congressional Committee are not entitled to much weight" under any circumstances. *Weinberger v. Rossi*, 456 U.S. 25, 35 (1982). Second, no resort to legislative history ever should be made when the provision under consideration is unambiguous. When "interpreting a statute a court should always turn first to one, cardinal canon before all others. . . that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54 (1992) (citations omitted). CAFA's definition is decidedly unambiguous. *See Purdue*, 704 F.3d at 214 (finding the statutory language unambiguous); *CVS Pharmacy, Inc.*, 646 F.3d at 174 (same); *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 848 (9th Cir. 2011) ("There is no ambiguity in CAFA's definition of class action."). Third, as explained above, the Fifth Circuit has adopted the plain meaning of CAFA's "class action" definition. *AU Optronics*, 701 F.3d at 799.

Additionally, the Supreme Court has repeatedly held that other provisions of CAFA must be applied as they are written, even when the result is that federal courts cannot exercise jurisdiction. In interpreting CAFA's "mass action" provision, 28 U.S.C. § 1332(d)(11)(C)(i), the Court observed that "the term 'plaintiffs' refers to actual named parties as opposed to unnamed real parties in interest." *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 173 (2014). And very recently in *Home Depot U.S.A, Inc. v. Jackson*, the Court concluded that "the defendant" in a "civil action" could not be understood to encompass a "third-party counterclaim defendant" to a "claim." *See* No. 17-1471, 2019 WL 2257158, at *4 (U.S. May 28, 2019). The Court noted that "the dissent argues that our interpretation allows defendants to use the statute as

a 'tactic' to prevent removal, *post,* at 1754, but that result is a consequence of the statute Congress wrote." *Id.* at *6. The Court would also apply the definition of "class action" as written if it were presented with that issue.

Moreover, even if the Senate Report that the Optum Defendants put so much stock in were somehow binding, it would make no difference in this case because this suit does not meaningfully "resemble" a class action. Although the County's allegations regarding the defendants' wrongful conduct may echo allegations in other suits concerning the opioid epidemic, some of which may be class actions, that is not the type of resemblance the Judiciary Committee could have meant. Undoubtedly the Committee meant that the suit must resemble a class action in that it is *brought by a plaintiff seeking to represent the interests of others in the same position*—not that it resembles a particular existing class action because it relies on some facts that are relevant to both suits.

The Optum Defendants also point to the County's allegations that the defendants have harmed its citizens as evidence that the County is actually pursuing something akin to a class action. *See, e.g.*, Notice of Removal ¶ 22. But those type of allegations support the County's own claims by explaining why Plaintiff was forced to expend its resources in response to the defendants' actions and by describing how the defendants' actions created a public nuisance. And as explained in the next two sections, to the extent the County seeks relief on behalf of its residents, it has not done so and could not do so as a class representative,.

### C. Plaintiff Is Not a "Representative Person" Who Could Have Proceeded Under Rule 23 or Any State Equivalent Even If It Had Wished To.

In the Optum Defendants' telling, the County "is acting as a representative for a class of residents" but has assiduously avoided calling the suit by its true name: a class action. Notice of Removal ¶¶ 21–22. In reality, Plaintiff could not have brought a class action on behalf of Walker

County residents even if it had wished to do so, thus the County had no reason to carefully avoid asserting one.

Under Rule 23, a "class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49, 131 S. Ct. 2541, 2550, 180 L. Ed. 2d 374 (2011) (citations and quotation marks omitted). The County, however, is obviously not itself a County resident. It is thus not a member of any class made up of County residents. Moreover, its injuries are not the same as its residents' injuries. As the Optum Defendants recognize, "the County seeks to recover costs in providing law enforcement, medical, and social services for opioid addiction, emergencies, and overdose deaths." Notice of Removal ¶ 23. These costs are the County's own direct expenditures. These expenditures "stem from its residents' alleged opioid abuse," *id.*, as the Optum Defendants stress, but that does not change that the County has suffered direct injuries not shared by the opioid abusers themselves. The Optum Defendants have not explained how the County could potentially serve as a class representative for its residents because the County cannot. This fact distinguishes this case from outlier cases like *Badeaux v. Goodell*, 358 F. Supp. 3d 562, 569 (E.D. La. Jan. 31, 2019), where the plaintiff was arguably in the same class as others whose rights were being asserted in the suit. Considering that the County both could not serve as a class representative in this case and has not sought to, treating this case as a class action would be entirely unwarranted.

### D. To the Extent the County Seeks Relief on Behalf of Its Citizens, It Can Do So Only Through a *Parens Patriae* Action, Which Does Not Implicate CAFA.

As explained above, the County could not possibly serve as a class representative for its citizens in this case because, among other reasons, Plaintiff's injuries are fundamentally different than those suffered by its residents. The only way the County could theoretically pursue claims

on behalf of these residents would be through a *parens patriae* action. The *parens patriae* doctrine allows the government to bring suit on behalf of its citizens for generalized harm to them as "father of the country." *Hawaii v. Standard Oil Co. of Cal.*, 405 U.S. 251, 257 (1972). Such actions are not subject to CAFA's class action provisions. *See, e.g.*, *AU Optronics Corp.*, 701 F.3d at 799; *Purdue*, 704 F.3d at 212; *CVS*, 646 F.3d at 174–76; *LG Display Co.*, 665 F.3d at 774; *Chimei*, 659 F.3d at 850.

To the extent the County seeks injunctive relief or restitution on behalf of its residents, it does so *in parens patriae*. Whether the County is actually authorized to bring a *parens patriae* action and whether it can obtain the sought relief through such an action are questions that are irrelevant to the class action question. If the County's *parens patriae* theory is flawed in some way, that flaw cannot serve to transform this case into a class action. *See Town of Randolph v. Purdue Pharma*, No. 19-CV-10813-ADB, 2019 WL 2394253, at *1 (D. Mass. June 6, 2019) (rejecting defendant's assertion "that if this action is not a *parens patriae* suit, then it must be a class action" as a "false dichotomy"). In other words, "this action is not similar to a Rule 23 action merely because it seeks restitution on behalf of its citizens along with other forms of equitable relief." *New Hampshire v. Purdue Pharma*, No. 17-cv-427-PB, 2018 WL 333824, at *3 (D.N.H. Jan. 9, 2018).

### E. Plaintiff Should Be Awarded Fees and Costs Under 28 U.S.C. ¶ 1447(c).

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Costs and fees are proper where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Comparing the statutory language to the Optum Defendant's Notice of Removal, it is apparent that there is no objectively reasonable basis for removing the County's case. CAFA's operative language only extends

federal jurisdiction to an action that "is a class action." 28 U.S.C § 1332(d)(2) (emphasis added). As explained, a "class action" is specifically defined as an action "filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C § 1332(d)(1)(B). As explained above, the only issue for CAFA purposes is whether the plaintiff "filed under" the federal class action rule or another similar rule. *Id.* At no point in the Notice of Removal do the Optum Defendants identify any such rule. Moreover, they admit that the County has not "explicitly alleg[ed] a putative class." Notice of Removal ¶ 21. Under these circumstances, and in light of the numerous cases rejecting the same arguments the Optum Defendants make in their Notice of Removal, the removal was not objectively reasonable.

## IV. CONCLUSION

The Optum Defendants removed this case to federal court without any objectively reasonable basis to do so. Their argument for federal jurisdiction, which has been rejected by the Fifth Circuit and other federal courts, is frivolous. By removing this case nonetheless, they hope to delay or avoid the coming reckoning for their role in the opioid epidemic that is ravaging Walker County. This case should be remanded without delay to the state court from which it was removed, with the Optum Defendants ordered to pay the County's costs and attorneys' fees that were incurred as a result of the removal.

Date: June 11, 2019                    Respectfully submitted,
                                       /s/ Mark A. Correro
                                       *One of Attorneys for Plaintiff*

                                       Mark A. Correro
                                       TX State Bar No. 24045702
                                       Law Offices of Mark A. Correro, P.C.
                                       2909 Hillcroft Avenue, Suite 560
                                       Houston, Texas 77057
                                       (713) 955-3323
                                       Mark@CorreroLeisure.com

                                       Mance Michael Park
                                       TX State Bar No. 15469500
                                       Park & Durham
                                       1 Financial Plaza, Suite 530
                                       Huntsville, TX 77340
                                       (936) 291-6660
                                       Mpark@parkdurham.com

                                       Mike Kanovitz
                                       Dan Twetten
                                       Julia Rickert
                                       LOEVY & LOEVY
                                       311 N. Aberdeen St., 3rd Floor
                                       Chicago, IL 60607
                                       (312) 243-5900
                                       Julia@loevy.com

                                       ***Attorneys for Plaintiff Walker County***

**CERTIFICATE OF SERVICE**

I, Mark Correro, an attorney, certify that on June 11, 2019, I filed the foregoing using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Mark A. Correro
*One of Attorneys for Plaintiff*