UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COUNTY OF WALKER, Plaintiff, | ) ) ) |
| v. | ) ) |
| ABBOTT LABORATORIES, *et al.*, Defendants. | ) ) ) ) ) ) ) ) ) ) |

No. 19-cv-1767

**PLAINTIFF WALKER COUNTY'S REPLY BRIEF IN SUPPORT OF
ITS MOTION FOR REMAND**

Plaintiff County of Walker, Texas, respectfully submits this reply brief in support of its Motion to Remand.

Introduction

There is no federal subject matter jurisdiction over this matter. The Optum Defendants[1] argue in their Opposition to Walker County's Motion to Remand that the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453 ("CAFA"), provides jurisdiction because Walker County's Petition is "in effect" a class action.

Removal of this matter is contrary to the plain, unambiguous text of CAFA. Walker County's Petition is not a class action. It is a claim for Walker County to recover the damages it suffered because of increased governmental expenditures to combat the opioid epidemic caused by Defendants. CAFA defines the term "class action" as "any civil action filed under rule 23 of the

---

[1]  The Defendants that filed a brief in opposition to Walker County's remand motion are OptumRx, Inc., OptumRx Administrative Services, LLC, Optum, Inc., UnitedHealth Group Inc., UnitedHealthcare of Texas, Inc., Express Scripts Holding Company, and Express Scripts, Inc. (collectively, "Optum Defendants").

1

Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The Petition was not brought pursuant to the federal or state rules for class actions, nor could it have been.

Further, no court anywhere has ever held that a governmental entity's action in a case like this one is a class action. The Optum Defendants do not (and cannot) cite a single case with such a holding. Indeed, every court to have considered the issue has held that there is *not* CAFA jurisdiction over the governmental entity's claim. *See, e.g.*, *Town of Randolph v. Purdue Pharma, et al.*, No. 19-cv-10813, 2019 WL 239253, at *1 (D. Mass. June 6, 2019) (remanding opioid-related case because governmental claims are not class actions under CAFA). The Optum Defendants do not address these cases.

Instead, the Optum Defendants' primary argument is that the post-hoc legislative "purpose" of CAFA was to resolve nationwide issues in a federal forum and that this "purpose" is served by removal. Such a legislative "purpose" cannot defeat the plain language of CAFA, however, and the Optum Defendants do not mount any argument that Walker County's Petition fits the statutory definition of a class action.

In the end, there can be no jurisdiction under CAFA because Walker County's claims are not class claims. This Court should join every other court to have considered the issue and remand this matter to Texas state court.

Argument

I.      **There Is No CAFA Jurisdiction Because This Is Not A Class Action**

As Walker County established in its motion to remand, there is no CAFA jurisdiction because this case is not a class action. In order for a court to have subject matter jurisdiction pursuant to CAFA, the matter must fit CAFA's definition of "class action": "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial

2

procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C § 1332(d)(1)(B). Walker County's Petition was not filed pursuant to Federal Rule 23 or the Texas rule authorizing class actions (Texas Rule of Civil Procedure 42). Remand is therefore the proper result.

Every other court to have considered the issue has agreed. "The Court has not been notified of any decision in these similar cases in which a court has found that there was federal jurisdiction." *Dinwiddie County, Virginia v. Purdue Pharma, L.P.*, 3:19-CV242, 2019 WL 2518130, at *2 (E.D. Va. June 18, 2019) (remanding opioid-related action filed by governmental entity because there was no jurisdiction under CAFA and other theories). This Court should reach the same result.

### A.   The Legislative History Cited by Defendants Does Not Defeat The Plain Language of CAFA

Faced with clear language that requires remand, the Optum Defendants' primary argument is that the purpose of CAFA was to allow federal courts to decide issues of national import. Mem. in Opposition (Dkt. 72) p. 5. This argument carries no weight.

First, the legislative history Defendants rely upon is found in a Senate Report, issued ten days *after* the passage of CAFA, in which the Judiciary Committee explained its understanding of the law. And "*post hoc* statements of a congressional Committee are not entitled to much weight" under any circumstances. *Weinberger v. Rossi*, 456 U.S. 25, 35 (1982). Further, a court should never resort to legislative history for interpretive assistance when the provision under consideration is unambiguous. *See Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54 (1992) (citations omitted). CAFA's definition is decidedly unambiguous. *See Purdue*, 704 F.3d at 214 (finding the statutory language unambiguous); *West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 174 (4th Cir. 2011) (same); *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 848 (9th Cir. 2011) ("There is no ambiguity in CAFA's definition of class action."); *Mississippi ex rel. Hood v.*

3

*AU Optronics Corp.*, 701 F.3d 796, 799 (5th Cir. 2012), *rev'd on other grounds*, 571 U.S. 161 (2014).

Second, the fact that there are 1,900 cases related to the opioid epidemic and that the cases are important does nothing to answer the question of whether there is subject matter jurisdiction over *this* case. A federal court must have subject matter jurisdiction over any case before it. Here, Optum Defendants claim that CAFA confers that jurisdiction. CAFA jurisdiction is only present where a matter is a "class action" as defined in CAFA. A case could be of little or massive importance, yet jurisdiction under CAFA must rise or fall based on whether it is, in fact, a class action. A case's "importance" is not an adequate substitute for subject matter jurisdiction.

    **B.**    **Lack of *Parens Patriae* Standing Does Not Establish CAFA Jurisdiction**

The Optum Defendants contend that Walker County cannot pursue relief for its residents *in parens patriae*. Mem. in Opposition pp. 7–11. Instead of establishing jurisdiction under CAFA, however, this argument actually demonstrates there is no CAFA jurisdiction.

The Optum Defendants assert that only the State of Texas can pursue relief on behalf of its residents. *Id.* If true, that means Walker County *cannot* pursue such relief and can only pursue its own remedies. In other words, if the Optum Defendants are right, there is no possibility that Walker County can recover on behalf of its residents. The Texas state court will simply dismiss any such claim on remand.

    **C.**    **Walker County Does Not Allege a Representative Action**

The Optum Defendants assert that Walker County is "*in effect,* representing itself and its resident members against Defendants." Mem. in Opposition (Dkt. 72) pp. 2, 14–20. But this argument misreads the Petition. The Petition very clearly alleges that Walker County suffered injuries directly because of increased governmental costs, including emergency and policing services, a point that the Optum Defendant concede (as they must). Mem. in Opposition p. 14.

Nonetheless, the Optum Defendants argue that Walker County's injuries "necessarily flow"

from injuries to Walker County's residents. This makes no sense as a basis for asserting a class action. Walker County's damages are its own—it paid more for things than it otherwise would have. The fact that those governmental services benefitted Walker County residents does not render Walker County's claims a class action.

Further, the Optum Defendants point out that the Petition describes harms that befell Walker County residents. This is true, but the descriptions of harm that befell County residents are relevant to the County's own claims because of the resulting costs imposed upon the County. Moreover, according to the Optum Defendants, Walker County does not have standing to recover on behalf of its residents for such injuries anyway; only the State of Texas can do that.

Finally, even if Walker County could recover on behalf of its citizens, it cannot do so as a class representative. As the Optum Defendants note, a class representative must satisfy the "typicality" requirement of Rule 23(a), among other requirements. *See* Mem. in Opposition pp. 17–18. They contend that the County has sought to satisfy typicality in its petition by including that the Defendants' bad acts harmed the County *and* its residents. But the "typicality" requirement depends on there being a "similarity of legal and remedial theories" behind the purported representative's claims and the claims of the class members, *Ibe v. Jones*, 836 F.3d 516, 529 (5th Cir. 2016)—not merely a common source of their injuries. "Typicality does not require identity of claims but does require that the class representative's claims have the same essential characteristics of those of the putative class." *Hoffer v. Landmark Chevrolet Ltd.*, 245 F.R.D. 588, 601 (S.D. Tex. 2007) (quotation marks and citation omitted).

Under the typicality standard described above (and as a matter of common sense), Walker County is in no way typical of a class made up of its residents, nor does it purport to be so.[2] To

---

[2] Perhaps in theory Walker County could be typical of some type of class of similarly situated *counties*, but that is not reflected in any way in the Petition. Moreover, the Optum Defendants are explicit that, under their theory, "the members of the putative plaintiff class are Plaintiff's residents and not similarly-situated municipalities." Mem. in Opposition p. 16.

5

state the obvious, Walker County is a governmental entity and not a person. *See Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 160 (3d Cir. 2013) (rejecting defendant's improper removal under CAFA on the basis that "[p]lain and simple, this is a suit by an entity, not a class of individuals."). The types of harm a governmental entity can suffer and the types of claims it can bring differ substantially from the injuries and claims of humans. Unlike the County's residents who purchased opiates and who may have suffered physical harm, emotional harm, or lost income as a result, the County's injuries are the increased cost of providing governmental services. As a result, a harmed resident may have any number of claims that the County does not—fraud, wrongful death, and whatever else lawyers actually representing them can come up with—and this misalignment between the County and its residents shows that the County is not typical of any class made up of residents. In short, the County's claims do not have the "same essential characteristics" of claims that its residents could theoretically bring. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002) (finding no typicality where named plaintiff's claims did not encompass all claims that purported class members could bring).

This misalignment also means that another Rule 23(a) requirement—adequacy of representation—cannot be satisfied. Typicality and adequacy are often closely tied because an atypical representative "has no incentive to fully litigate those claims not applicable to her." *Id.* at 563 n.7. Here, if the County attempted to represent its residents in a class action, many of the residents' potential claims and opportunities for recover would be needlessly thrown away.

Apparently recognizing these problems, the Optum Defendants attempt to realign the County's injuries with those of its residents by pointing out that "Plaintiff's costs incurred to support social services, health systems, law enforcement, the judicial system, and treatment facilities are also borne by the resident taxpayers who bear the costs for these services." Mem. in Opposition p. 14. But the County could not be attempting to represent a class of taxpayers who would have no standing to sue as taxpayers. *See Hendee v. Dewhurst*, 228 S.W.3d 354, 374 (Tex.

6

App. 2007) (taxpayer standing exists only when created by statute or to enjoin an illegal governmental expenditure). This attempt to group the County with its taxpayers also reveals that the "class" the Optum Defendants assert the County is representing defies definition: Is it a class of taxpayers? A class of residents who purchased opiates? A class of residents who were harmed by opiates? The Optum Defendants do not say.

Nor do the cases the Optum Defendants rely upon actually support their position. In *Williams v. Employers Mutual Casualty Co.*, 845 F.3d 891 (8th Cir. 2017), the plaintiff explicitly brought the action "in her capacity as a class representative" and was seeking to enforce a judgment previously made on behalf of a certified class. *Id*. at 898–99. In *Addison Automatics, Inc. v. Hartford Casualty Insurance Co.*, 731 F.3d 740 (7th Cir. 2013), the plaintiff brought a claim that was assigned to it in previous litigation as a class representative. *Id*. at 741–742 ("Addison has standing to pursue relief from Hartford only in its capacity as class representative"). The court in *Jarbough v. Attorney General of the United States*, 483 F.3d 184 (3d Cir. 2007), was not even considering CAFA. Instead, that court was evaluating whether an immigrant petitioner was raising "constitutional" claims under 8 U.S.C. § 1252. In other words, the only two cases cited by the Optum Defendants that address CAFA both involved plaintiffs acting as a class representative to enforce a prior judgment that was obtained in a class action. Walker County's Petition is a far cry from those scenarios.

Instead, Walker County's Petition presents the same question addressed by other courts: Do a governmental entity's claims related to the opioid epidemic constitute a class action under CAFA? Every court to have considered that question has reached the same answer: No. *See Dinwiddie County,* 2019 WL 2518130, at *2, *7 (remanding based on lack of federal jurisdiction) ("The Court has not been notified of any decision in these similar cases in which a court has found that there was federal jurisdiction" and finding no jurisdiction under CAFA); *Town of Randolph,* 2019 WL 2394253, at *5 (remanding based on lack of federal jurisdiction) ("This Court, squarely

presented with the merits of removal under CAFA, concludes that it lacks jurisdiction over this action and that remand, rather than awaiting a decision on transfer from the JPML, is the appropriate course of action as well as the most efficient use of judicial resources."). This Court should reach the same result.

## II.     This Court Should Award Fees to Walker County

An award of attorney fees is proper in this matter. The Optum Defendants fail to identify a single case that allowed removal under CAFA of a governmental entity's claims related to the opioid epidemic. More broadly, the Optum Defendants do not assert that any court anywhere has ever held that a governmental entity's similar action constitutes a class action under CAFA. There simply is no justification for the removal whatsoever.

## Conclusion

In order for removal to be proper under CAFA, the matter must be a "class action." CAFA defines "class action" as those actions based on state or federal class action rules or procedures. Walker County's Petition is not based on any such rule or procedure, and the Optum Defendants cannot contend otherwise. The Optum Defendants' arguments based on the purported purpose of CAFA do not change this fundamental analysis. Walker County respectfully requests that this matter be remanded to Texas state court.

Dated: July 3, 2019

Respectfully submitted,
/s/ Mark A. Correro
*One of Attorneys for Plaintiff*

Mark A. Correro
TX State Bar No. 24045702
Law Offices of Mark A. Correro, P.C.
2909 Hillcroft Avenue, Suite 560
Houston, Texas 77057
(713) 955-3323
Mark@CorreroLeisure.com

Mance Michael Park
TX State Bar No. 15469500
Park & Durham
1 Financial Plaza, Suite 530
Huntsville, TX 77340
(936) 291-6660
Mpark@parkdurham.com

Mike Kanovitz
Dan Twetten
Julia Rickert
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
Julia@loevy.com

***Attorneys for Plaintiff Walker County***

## **CERTIFICATE OF SERVICE**

 I, Mark Correro, an attorney, certify that on July 3, 2019, I filed the foregoing using the Court's CM/ECF system, which effected service on all counsel of record.

              /s/ Mark A. Correro
              *One of Attorneys for Plaintiff*